NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO ISLAS PAULIN, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-4244 Agency No. A201-680-842 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Alberto Islas is a native and citizen of Mexico.[1] He petitions for review of a

Board of Immigration Appeals (BIA) order that affirmed an Immigration Judge's

(IJ) denial of his application for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We refer to the Petitioner by the name he listed in his written application for asylum, withholding of removal, and protection under CAT.

under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's order and any parts of the IJ's decision adopted by the BIA.  *Abebe v. Gonzales*, 432 F.3d 1037, 1039–41 (9th Cir. 2005) (en banc).  We review legal conclusions *de novo* and factual findings for substantial evidence.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  Under the deferential substantial evidence standard, the petitioner must show that the evidence compels the conclusion that the factual findings are erroneous.  *Id.*

1. Credibility Determination.  Where the BIA reviewed the IJ's credibility determination for clear error and relied upon the IJ's opinion, we review the reasons explicitly identified by the BIA and then examine the IJ's decision for support of those reasons.  *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021).  "Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence."  *Id.* at 1153.

Substantial evidence supports the agency's adverse credibility finding based on (1) inconsistencies between Islas' testimony and supporting materials; and (2) his failure to provide corroborating evidence.  During his merits hearing, Islas' testimony concerning the timeframes and circumstances surrounding when he claimed he was threatened—the only particularized basis offered to support his claim of past and feared harm in Mexico—changed repeatedly and significantly.

2                                                    24-4244

*See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (deeming petitioner incredible based on inconsistent testimony about his birth date and circumstances surrounding a shooting). The agency also considered inconsistencies in Islas' supporting materials, specifically Islas' failure to mention religious persecution during his reasonable fear interview and in his original asylum application. This type of material alteration in an applicant's account of persecution is sufficient to support an adverse credibility finding. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011).

Substantial evidence also supports the IJ's finding that Islas had ample time and opportunity to secure corroborating evidence. An IJ is not required to give a petitioner notice and opportunity to provide additional corroborating evidence, yet in this case, the IJ did so twice, months in advance of the merits hearing. *See Mukulumbutu*, 977 F.3d at 927 ("Because the IJ found [the petitioner's] testimony not credible, the IJ was not required to give [the petitioner] notice and an opportunity to provide additional corroborating evidence."). In sum, the inconsistencies and omissions identified by the BIA and IJ within and between Islas' written and oral testimony—without any corroborating evidence to rehabilitate his testimony—more than adequately support the agency's determination as to his lack of credibility.

24-4244

2. <u>Due Process Claim</u>. Islas' due process claim fails because the record reflects that Islas was given a reasonable opportunity to present country conditions evidence and, indeed, submitted that evidence before both the IJ and BIA. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("[A]n alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf."). Moreover, in his oral decision, the IJ specifically referenced the country conditions evidence that he considered and relied upon in making his determination.

3. <u>CAT Claim</u>. Two procedural bars preclude review of Islas' petition under CAT. First, Islas failed to exhaust his claim by not first challenging the IJ's denial before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). The BIA's order even noted the absence of any challenge and deemed an appeal under CAT to have been waived. Second, Islas fails to address the IJ's denial and the BIA's finding of waiver in his opening brief before this court, which results in forfeiture. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**

4                                                    24-4244